UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Key West Division

CASE NO.  15-10009-CR-JEM

UNITED STATES OF AMERICA

       Plaintiff,

vs.

HARLEM SUAREZ,
       a/k/a "Almlak Benitez"
       a/k/a "Harlem Quintana"

       Defendant.

_____/

## MOTION TO STRIKE GOVERNMENT'S EXPERT DR. DANIEL L. BYMAN

Defendant, HARLEM SUAREZ, by and through his undersigned counsel, and hereby files this

Motion to Strike Government's Expert Dr. Daniel L. Byman and states unto the Court as follows:

1.  The Government has filed a Notice of Expert testimony as to Dr. Daniel L. Byman [DE # 67].

2.  As to the testimony that Dr. Byman might provide at the trial in this matter, the Government

    proffers that:

> Dr. Byman will be a subject matter expert on various topics relating to terrorism
> and the  threat to the West. This will include assisting the jury in their general
> understanding of the  Islamic State also known as ISIL; the key elements of ISIL's
> strategy; the continued resonance  of  their  message,  and  their  continued  ability
> to  attract  recruits  to  replenish  their  ranks;  their   command  structure;  the
> encouraging and promoting violent jihad and the English language  materials
> recorded in support  of  violent jihad; the use  of  the online English language
> magazine,  entitled *Dabiq*; the use of online social media by individuals involved in
> violent jihad; the use of  the internet as a way to communicate in real time and
> how  it  has  enabled  terrorists  to  reach  a   potentially  vast  audience  faster,  more
> pervasively, and more effectively than ever before.

3.  Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principals and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

4.  In determining the relevance and admissibility of expert testimony, it is incumbent on the trial court to play a "gatekeeper" role. Kumho Tire Co., Ltd v. Carmichael, 526 U.S. 137 (1999); Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579 (1993). The burden is on the party offering the expert to establish by a preponderance of the evidence the foundation for the admission of expert testimony. Hall v. United Ins. Co. of America, 367 U.S. F.3d 1255, 1261 (11th Cir. 2004). This requires a showing that the expert is qualified to testify about the matters he intends to address, that the methodology used by the expert is reliable, and that the testimony will assist the trier of fact. McCorvery v. Baxter Healthcare Corp., 298 F.3d 1253 (11th Cir. 2002).

5.  In Daubert, the Supreme Court identified a list of non-exclusive factors to be considered by the Court in determining the admissibility and reliability of expert testimony. These include: (a) whether the expert's methods or techniques can be or have been tested; (b) whether the technique, methods and theories of the expert have been subjected to peer review; (c) whether any rate of error of the technique or method is acceptable; (d) whether the technique or method is generally accepted in the scientific community. 509 U.S. 579, 594-95 (1993). These principles apply not only to testimony based on scientific knowledge, but also to testimony based on general principles and specialized knowledge. 526 U.S. at 137.

6.  Commentary to Rule 702 recognizes that the Court's "gatekeeping function" requires more

than simply "taking the expert's word for it."

7.  Dr. Byman's proffered expertise does not meet the strict requirements of Rule 702.  There is nothing in the proffer that establishes the that Dr. Byman's testimony will be based upon sufficient facts or data, is the product of reliable principals and methods, of that the witness has applied the principles and methods reliably to the facts of the case.

8.  Defendant also submits that an "expert" on the Islamic State is not necessary to assist the jury in understanding whether the content of an Islamic State "recruitment video" as alleged in Count 2 of the Indictment serves as a factual basis for a finding of attempt to provide material support and resources, namely, personnel (See Indictment, Count 2).

9.  The Government's plan to use this expert in the manner proffered also raises questions concerning the admissibility of the testimony under Federal Rules of Evidence 401, 402 and 403.

10.  First of all, evidence concerning the Islamic State can only possibly relate to Count 2 of the Indictment.  Count 1 alleges the attempted use of a weapon of mass destruction.  There is no element in Count 1 that requires any testimony or proof involving the Islamic State.

11.  As to Count 2, Dr. Byman's proffered testimony is not relevant to any element at issue in the charge.  The video and the words spoken on the video speak for themselves. Moreover, Dr. Byman cannot testify as to the state of mind of Defendant relative to the recruitment video. The jury is perfectly capable of viewing the video and determining whether Defendant has the requisite intent to commit the offense charged.  Dr. Byman's testimony will necessarily and improperly invade the province of the jury in that regard.

12.  Finally, Defendant submits that any probative value to Dr. Byman's testimony is substantially outweighed by the risk of unfair prejudice to the Defendant under FRE 403. Clearly, the very mention of terrorism and the Islamic State invokes fear and worry in hearts and minds of every American citizen.  It will be difficult enough for Defendant to get a fair trial in the present climate where the media's constant reporting and commentary on terrorism and terrorist attacks is omnipresent.  A fair trial will require direct focus on the facts of this case and collateral and extraneous evidence such as that proposed by the Government in the form of Dr. Byman's testimony will only distract and inflame the passions of the jury in this case.

WHEREFORE the Defendant, HARLEM SUAREZ respectfully requests this Honorable Court strike the Government's Notice of Expert Dr. Daniel L. Byman and grant any further relief this Court deems just and proper.

Respectfully submitted,

ENTIN & DELLA FERA, P.A.
633 South Andrews Ave., Suite 500
Fort Lauderdale, Florida 33301
Telephone:     (954) 761-7201
Facsimile:      (954) 764-2443
Email:  richard@entinlaw.com

By:   *s/ Richard F. Della Fera*
        RICHARD F. DELLA FERA
        Fla. Bar No. 66710

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 12, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either by transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

_s/ Richard F. Della Fera_