UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-10009-CR-MARTINEZ/SNOW

UNITED STATES OF AMERICA,

v.

HARLEM SUAREZ,
   a/k/a "Almlak Benitez,"
   a/k/a "Harlem Quintana,"
                      Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO STRIKE EXPERT TESTIMONY**

The United States, by and through the undersigned Assistant United States Attorneys, hereby responds to Defendant Harlem Suarez' Motion to Strike the Government's Expert Witness, Dr. Daniel Byman. (DE 73). This court should deny the motion to strike in that Dr. Byman will testify as an expert with specialized knowledge regarding the Islamic State, also known as ISIL, its designation as a foreign terrorist organization, and about the Islamic State's recruitment of individuals in the West. This testimony will assist the jury in determining their verdict as to both counts of the Indictment. However, the majority of the testimony will relate to Count 2, which charges the defendant with attempted material support to a designated foreign terrorist organization, specifically ISIL.

*Witness Qualifications*

Dr. Byman's qualification as an expert is based upon his academic degrees, his experience with several U. S. government institutions, his work as a professor at Georgetown University and various well-known and respected think tanks. Over the past twenty years, Dr. Byman has

focused his work in the field of national security and terrorism. He has been published extensively on the subject of terrorism and Middle East Security as it relates to the United States. A copy of his c*urriculum vitae* (CV) is attached to this Response as Exhibit 1.

As can be seen from his extensive CV, he has authored seven books on various terrorism and international conflict topics, including his latest entitled *Al Qaeda, The Islamic State, and The Global Jihadist Movement, What Everyone Needs to Know*. He has been published in peer-reviewed journals and book chapters approximately 45 times and has further had published reports and publications in policy journals on over 50 occasions. These do not include the dozens of other editorials or short publications he has authored.

Dr. Byman has testified numerous occasions before the Senate and House committees and subcommittees regarding terrorism.

*Testimony to Assist Jury*

Dr. Byman has specialized knowledge that will assist the jury in its deliberation of this case. His testimony fits squarely within what is admissible under Rule 702. Experts in the field of terrorism have been permitted to testify in our circuit in order to assist the jury. In *United States v. Jayyousi*, 657 F. 3d 1085, 1106 (11th Cir. 2011), an expert witness testified in the areas of al–Qaeda and its associated groups and international terrorism.

In *United States v. Abu-Jihaad*, 553 F. Supp. 2d 121 (D.Conn. 2008), the court ruled that this type of expert testimony was proper. The court stated that "[D]espite the relatively widespread news coverage of al Qaeda and other terrorist organizations, the operations of al Qaeda-and certainly those of Azzam Publications-as well as the conflicts in Bosnia and Chechnya, are still beyond the knowledge of ordinary jurors. *Id*. at 124.

2

Other circuits have also approved of the use of experts to provide historical context and background information in terrorism cases. *See United States v. Damrah,* 412 F.3d 618, 625 (6th Cir.2005); *United States v. Hammoud,* 381 F.3d 316, 337-38 (4th Cir.2004), *vacated on other grounds by* 543 U.S. 1097, 125 S.Ct. 1051, 160 L.Ed.2d 997 (2005), *relevant portions reinstated by* 405 F.3d 1034 (4th Cir.2005). As the Fourth Circuit explained in *Hammoud,* the expert "testified regarding the structure of Hizballah and identified its leaders. [He] also explained the significance of Hammoud's contact with those leaders ... [a]nd discussed the nature of Hizballah's funding activities with specific reference to Hammoud's activities. This testimony was critical in helping the jury understand the issues before it." *Id.* at 337-38.

This type of expert testimony is similar to the line of cases dealing with drug organizations and organized crime, in which expert witnesses have been routinely permitted to testify to assist the jury. In *United States v. Garcia*, 447 F. 3d 1327 (11th Cir. 2006), the court held that Federal Rule of Evidence 702 permits expert testimony if "specialized knowledge" will help the jury "to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702. "[A] witness [may be] qualified as an expert by knowledge, skill, experience, training, or education." *Id.* at 1335. "The operations of narcotics dealers are a proper subject for expert testimony under Rule 702," *United States v. Ginsberg,* 758 F.2d 823, 830 (2d Cir.1985), and we have recognized the "well-established" "rule" that "an experienced narcotics agent" may testify as an expert to help a jury understand "the significance of certain conduct or methods of operation unique to the drug distribution business." *United States v. Butler,* 102 F.3d 1191, 1199 (11th Cir.1997) (internal quotations omitted).

In *United States v. Amuso,* 21 F.3d 1251 (2d Cir.1994), the Second Circuit explained that

the rationale for permitting such expert testimony is that "[a]side from the probability that the depiction of organized crime in movies and television is misleading, the fact remains that the operational methods of organized crime families are still beyond the knowledge of the average citizen." 21 F.3d at 1264. Thus, the Court of Appeals concluded that "[d]espite the prevalence of organized crime stories in the news and popular media, these topics remain proper subjects for expert testimony." *Id.*

The same analogy would apply in the Suarez case, although there is a tremendous amount of news coverage on all the available channels and through the internet regarding ISIL, the actual workings of the organization are beyond the knowledge of the average citizen and thus, the ordinary juror.

Moreover, the jury will be specifically instructed not to conduct their own investigation, therefore, the parties cannot rely on each jurors' common knowledge of this foreign terrorist organization, on specific topics, such as its strategy, recruitment, message, command structure, social media campaign, and calls for attacks in the West. Although some jurors may have a general understanding from watching the news, the evidence must be explained in a way in which they can understand ISIL and all its unique characteristics.

For example, when Suarez talks about wanting an "AK like his brothers" Dr. Byman will explain that ISIL traditionally utilizes an AK 47 as its weapon of choice.

The elements of Count 2 require the government to prove that the defendant attempted to provide material support to ISIL, an organization designated by the Secretary of State as a foreign terrorist organization, knowing that the organization engages in terrorist activity.

Evidence will be presented at trial from witnesses and evidence, other than Dr. Byman, that

will show that the defendant was watching and talking/posting on-line about ISIL including pro-ISIL videos, other online propaganda, that he was aware of violent acts conducted by ISIL, and that the defendant attempted to recruit others to join ISIL.

Thereafter, Dr. Byman will testify that ISIL is designated by the United States Government as a foreign terrorist organization. Further, he will testify about how ISIL uses social media to recruit individuals to conduct violent acts on their behalf; and, he will testify regarding ISIL and its strategy, recruitment, message, command structure, social media campaign, and calls for attacks in the West, including the United States.

*Rule 403*

The testimony's probative value is not outweighed by its prejudicial nature. The witness will be providing assistance to the jury in order to understand the defendant's own words and actions. For example, when Suarez makes a real-time reference to the burning of a Jordanian pilot in a cage, Dr. Byman will explain the event in which ISIL took a Jordanian pilot captive and executed him by fire while he was held in a cage. This evidence will be used as one example to prove that Suarez knew what was actually happening with ISIL and their campaign to create a world-wide caliphate.

*No Violation of Rule 704*

The expert witness will not be asked the ultimate issue for the jury to decide (as to Count 2), whether Suarez had the "mental state" required to be found guilty of providing material support to ISIL. Dr. Byman will not be asked if his actions were consistent with one who is providing support. This witness will simply assist the jury in understanding ISIL and how it operates, and the significance of events or actions taken by ISIL. Dr. Byman will provide specialized knowledge

as to certain facts that will assist the jury in making their determination.

*Defense Motion*

In his motion, Suarez focuses on recruitment videos made by Suarez in May 2015 and claims that an expert is not needed to understand what occurs in this video. This is a very narrow reading of Count 2. Suarez not only tried to recruit others to join ISIL but he is providing himself as personnel to ISIL. Thus, the evidence of material support includes all of Suarez' conduct during the commission of the two crimes charged. There will be many terms and information necessary for the jury to understand as it relates to ISIL, not just the videos.

*Conclusion*

Dr. Byman's testimony is exactly what Rule 702 is designed to permit. The jury will require assistance to understand the evidence, and as they apply it to the instructions provided by this court. Finally, Defendant does not cite to any cases in his motion that support the exclusion of this testimony.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: /s/ *Karen E. Gilbert*
KAREN E. GILBERT
Assistant United States Attorney
Fla. Bar no. 771007
99 NE 4th Street
Miami, Florida 33132
Telephone: (305) 961-9161
Fax: (305) 536-4675
Karen.gilbert@usdoj.gov

        By:   /s/ *Marc S. Anton*
           MARC S. ANTON
           Assistant United States Attorney
           Florida Bar No. 0148369
           99 N.E. 4th Street, Suite 815
           Miami, Florida 33132
           Tel: (305) 961-9287
           Fax:(305) 536-4675
           Marc.Anton@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 28, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

        /s/*Karen E. Gilbert*
        KAREN E. GILBERT
        Assistant United States Attorney