UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division

## Case Number: 15-10009-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

HARLEM SUAREZ,
   a/k/a "Almlak Benitez,"
   a/k/a "Harlem Quintana,"

         Defendant.
_____/

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in

deciding this case. After I've completed these instructions, you will go to the

jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts

necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You must consider some witnesses' testimony with more caution than others.

For example, paid informants may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

The indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count One (1) charges that beginning on a date unknown to the Grand Jury, but no later than in or around March 2015, and continuing until on or about July 27, 2015, in Monroe and Miami-Dade Counties, in the Southern District of Florida, the Defendant, HARLEM SUAREZ, a/k/a "Almlak Benitez," a/k/a "Harlem Quintana," did knowingly attempt to use, without lawful authority, a weapon of mass destruction, that is, a destructive device, as defined in Title 18, United States Code, Section 921(a)(4), against any person or property within the United States, and the offense and the results of the offense would have affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 2332a(a)(2).

Count Two (2) charges that beginning on a date unknown to the Grand Jury, but no later than in or around March 2015, and continuing until on or about July 27, 2015, in Monroe and Miami-Dade Counties, in the Southern District of Florida, the Defendant, HARLEM SUAREZ, a/k/a "Almlak Benitez," a/k/a "Harlem Quintana," did knowingly attempt to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), namely, personnel to a foreign terrorist organization, that is, the Islamic State of Iraq and the Levant,

-10-

knowing that the organization has engaged and engages in terrorist activity, as defined in Title 8, United States Code, Section 1182(a)(3)(B); all in violation of Title 18, United States Code, Section 2339B(a)(1).

Now, I will explain the law governing these offenses.

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails.  In this case the Defendant is charged in Count One with attempting to use a weapon of mass destruction.

The Defendant can be found guilty of using a weapon of mass destruction only if all the following facts are proved beyond a reasonable doubt:

> (1) the Defendant used a weapon of mass destruction against any person or property within the United States;

> (2) the Defendant did not have lawful authority to use the weapon of mass destruction; and

> (3) the offense would have affected interstate or foreign commerce.

The term "weapon of mass destruction" means a destructive device, including any explosive or incendiary bomb.

The term "interstate or foreign commerce" includes any movement or transportation of persons, goods, wares, merchandise, securities or money from one state into another state, or between the United States and any place outside the United States.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

> (1) That the Defendant knowingly intended to commit the crime of using a weapon of mass destruction; and

> (2) The Defendant's intent was strongly corroborated by his taking a substantial

step toward committing the crime.

A "substantial step" is an important action leading up to the committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

As noted previously, in some cases, it's a crime to attempt to commit an offense – even if the attempt fails. In this case the Defendant is charged in Count Two with attempting to provide material support to a foreign terrorist organization.

The Defendant can be found guilty of providing material support to a foreign terrorist organization only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly provided material support or resources to a foreign terrorist organization, that is, the Islamic State of Iraq and the Levant; and

(2) the Defendant did so knowing that the organization engaged or engages in terrorist activity.

The term "material support or resources" means any property, tangible or intangible, or service, namely, personnel (one or more individuals who may be or include oneself).

The term "designated terrorist organization" means an organization designated by the Secretary of State as a foreign terrorist organization, as provided in 8 U.S.C. § 1189.

The term "engage in terrorist activity" means to commit terrorist activity, which means to commit or to incite to commit, under circumstances indicating an intention to cause death or serious bodily injury, a terrorist activity; to prepare or plan a terrorist activity; to gather information on potential targets for terrorist activity; to

solicit funds or other things of value for a terrorist activity or a terrorist organization; to solicit any individual for membership in a terrorist organization or to engage in terrorist activity; or to commit an act that the actor knows, or reasonably should know, affords material support, including communications, funds, weapons, or explosives, for the commission of a terrorist activity, or to any individual or terrorist organization who the actor knows, or reasonably should know, has committed or plans to commit a terrorist activity.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

(1) That the Defendant knowingly intended to commit the crime of providing material support or resources to a foreign terrorist organization; and

(2) The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

Again, a "substantial step" is an important action leading up to the committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

-15-

The attempted provision of personnel is unlawful if that person is, or those persons are, attempting to work under the terrorist organization's direction or control or attempting to organize, manage, supervise, or otherwise direct the operation of the organization.

You have heard testimony from undercover agents who were involved in the government's investigation in this case. It is lawful for law enforcement officials to engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

"Entrapment" occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime that the defendant had no previous intent to commit.

The Defendant has claimed to be a victim of entrapment regarding the charged offenses.

The law forbids convicting an entrapped defendant.

But there is no entrapment when a defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the defendant to commit a crime.

For example, it's not entrapment for a Government agent to pretend to be someone else and offer – directly or through another person – to engage in an unlawful transaction.

So a defendant isn't a victim of entrapment if you find beyond a reasonable doubt that the government only offered the defendant an opportunity to commit a crime the defendant was already willing to commit.

But if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty.

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law.  While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>15-10009-CR-MARTINEZ</u>

18 U.S.C. § 2332a(a)(2)
18 U.S.C. § 2339B(a)(1)

UNITED STATES OF AMERICA

v.

HARLEM SUAREZ,
  a/k/a "Almlak Benitez,"
  a/k/a "Harlem Quintana,"

                    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Attempting to Use a Weapon of Mass Destruction**
**(18 U.S.C. § 2332a(a)(2))**

Beginning on a date unknown to the Grand Jury, but no later than in or around March 2015, and continuing until on or about July 27, 2015, in Monroe and Miami-Dade Counties, in the Southern District of Florida, the defendant,

HARLEM SUAREZ,
a/k/a "Almlak Benitez,"
a/k/a "Harlem Quintana,"

did knowingly attempt to use, without lawful authority, a weapon of mass destruction, that is, a destructive device, as defined in Title 18, United States Code, Section 921(a)(4), against any person or property within the United States, and the offense and the results of the offense would have affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 2332a(a)(2).

## COUNT 2
### Attempting to Provide Material Support to a
### Foreign Terrorist Organization
### (Islamic State of Iraq and the Levant)
### (18 U.S.C. § 2339B(a)(1))

Beginning on a date unknown to the Grand Jury, but no later than in or around March 2015, and continuing until on or about July 27, 2015, in Monroe and Miami-Dade Counties, in the Southern District of Florida, the defendant,

### HARLEM SUAREZ,
### a/k/a "Almlak Benitez,"
### a/k/a "Harlem Quintana,"

did knowingly attempt to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b)(1), namely, personnel, to a Foreign Terrorist Organization, that is, the Islamic State of Iraq and the Levant, knowing that the organization has engaged and engages in terrorist activity, as defined in Title 8, United States Code, Section 1182(a)(3)(B); all in violation of Title 18, United States Code, Section 2339B(a)(1).